UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MATILDA CABRERA                                                                               PLAINTIFF

VERSUS                                                         CIVIL ACTION NO. 1:12CV113-HSO-RHW

UNITED AIRLINES                                                                               DEFENDANT

**PROPOSED FINDINGS OF FACT AND RECOMENDATION**

Plaintiff Matilda Cabrera, proceeding *pro se* and *in forma pauperis*, filed a complaint on April 11, 2011, alleging employment discrimination in relation to her termination from employment with Defendant United Airlines. On April 18, 2012, the Court entered an [3] Order granting Cabrera leave to proceed *in forma pauperis*. In that Order, the Court advised Plaintiff that it was her responsibility to prosecute the case and that the case could not proceed until Defendant has been served with the summons and complaint. The Court further referred Plaintiff to Local Rule 4(b) and Fed. R. Civ. P. 4 for information regarding service of summons and complaint.

The docket reflects that on August 13, 2012, summons was issued as to Defendant United Airlines. The docket does not indicate any return on the summons. Rule 4(m) of the Federal Rules of Civil Procedure requires that the summons and complaint be served on the defendant within 120 days of the filing of the complaint. The deadline for service, counting from the date the Court granted *in forma pauperis* status, would have been August 18, 2012. The deadline has elapsed by more than a month and yet there is no record that Plaintiff has served Defendant with the summons and complaint.

On September 25, 2012, the Court entered an [5] Order to Show Cause, directing Plaintiff

to show cause in writing why this case should not be dismissed for failure to prosecute. Plaintiff's deadline to file a response was October 9, 2012. The deadline to file a response to the show cause order has now elapsed by more than two weeks. Moreover, the deadline for effecting service of process pursuant to Fed. R. Civ. P. 4(m) has now passed by more than two months. Based on the foregoing, the undersigned concludes that Plaintiff is no longer interested in pursuing her lawsuit.

## RECOMMENDATION

The undersigned recommends that Plaintiff's lawsuit be dismissed without prejudice for failure to prosecute.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been

accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 25th day of October, 2012.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE