**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**MATILDA CABRERA**                                                             **PLAINTIFF**

**VERSUS**                         **CIVIL ACTION NO. 1:12-cv-113-HSO-RHW**

**UNITED AIRLINES**                                           **DEFENDANT**

**ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING PLAINTIFF'S COMPLAINT WITHOUT
PREJUDICE PURSUANT TO FED. R. CIV. P. 4 (m)**

This cause comes before the Court on the Report and Recommendation [6] of United States Magistrate Judge Robert H. Walker entered in this cause on October 25, 2012. Magistrate Walker reviewed the pleadings on file and determined that, based on the record, Plaintiff's Complaint should be dismissed for failure to serve process pursuant to FED. R. CIV. P. 4 (m). After review of the record, the Court, being fully advised in the premises, finds that said Report and Recommendation should be adopted as the opinion of this Court, and the above captioned cause should be dismissed without prejudice pursuant to FED. R. CIV. P. 4(m), as Plaintiff has failed to effectuate service of process upon the named Defendant.

I. FACTS AND PROCEDURAL HISTORY

Plaintiff Matilda Cabrera ["Plaintiff"] filed her Complaint [1] in this case on April 11, 2012, naming United Airlines as the sole Defendant. Summons was issued on August 13, 2012 [4], and addressed to Carolyn Walker, Esq., Vantage Solutions, 350 North LaSalle, Suite 1122, Chicago, Illinois 60610. There is no record as to how the summons was mailed, whether a copy of the Complaint was enclosed, or if Carolyn

Walker is in fact a registered agent for service of process on behalf of United Airlines.

On April 18, 2012, the Court entered an Order [3] granting Cabrera leave to proceed *in forma pauperis*. In that Order, the Court advised Plaintiff that it was her responsibility to prosecute the case and that the case could not proceed until Defendant has been served with the summons and complaint. The Court further referred Plaintiff to Local Rule 4(b) and Fed. R. Civ. P. 4 for information regarding service of a summons and complaint. The docket reflects that on August 13, 2012, summons was issued as to Defendant United Airlines.

On September 25, 2012, the Court entered a Show Cause Order [5] directing Plaintiff to show cause in writing why this case should not be dismissed for failure to prosecute. Plaintiff's deadline to file a response was October 9, 2012. The Report and Recommendation was filed on October 25, 2012, imposing November 8, 2012, as the deadline for Plaintiff to file objections thereto. On November 5, 2012, Plaintiff hand delivered an Objection[1] [9] and provided a temporary address to the Court. On November 16, 2012, the Court entered another Order to Show Cause [11] which, in part, directed Plaintiff to provide the Court with proof that proper service was made upon Defendant United Airlines. To date, there has been no response or communication from Plaintiff.

---

[1] While docketed as an Objection to the Report and Recommendation, Plaintiff states that the "Track and Confirmation" shows that the summons was delivered to Defendant United Airlines on August 20, 2012 [8-4].

2

II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 4(m),

> [i]f a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

FED. R. CIV. P. 4(m).

In accordance with FED. R. CIV. P. 4 (m), Plaintiff had 120 days in which to serve the Complaint and any summons. That period expired on or about August 18, 2012. Over 120 days have passed since the Complaint was filed, and it is not clear from the record that Defendant United Airlines has been properly served with summons and a copy of the Complaint. On November 26, 2012, the Court entered an Order to Show Cause [11] which in part directed Plaintiff to provide the Court with proof that proper service was made upon Defendant United Airlines.

Pursuant to Federal Rule of Civil Procedure 4(l), "unless service is waived, proof of service must be made to the court." FED. R. CIV. P. 4(l)(1). In this case, there is no indication in the record that Plaintiff has properly served Defendant, as required by Rule 4. To date, Plaintiff has failed to establish that proper service of the summons and Complaint was effectuated on Defendant United Airlines.

The Court has construed the pleading filed by Plaintiff on November 5, 2012, as an Objection to the Report and Recommendation. In such cases, the Court conducts a *de novo* review. 28 U.S.C. § 636(b)(1) ("a judge of the court shall make a de novo

determination of those portions of the report or specified proposed findings and recommendations to which objection is made"). Having conducted the required review, the Court finds that the Magistrate Judge's Report and Recommendation thoroughly considered all issues, and is neither clearly erroneous, nor contrary to law. The Court finds that the Magistrate Judge properly recommended that this cause should be dismissed without prejudice pursuant to FED. R. CIV. P. 4(m).

**IT IS, THEREFORE, ORDERED, AND ADJUDGED** that, the Report and Recommendation [6] of Magistrate Judge Robert H. Walker entered on October 25, 2012, is adopted as the finding of this Court. A Final Judgment in accordance with this Order will be entered.

**SO ORDERED AND ADJUDGED**, this the 14th day of December, 2012.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE